

**ORDERED in the Southern District of Florida on December 12, 2023.**

*Corali Lopez-Castro*

**Corali Lopez-Castro, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | |
| | : | CASE NO.: 23-16584-CLC |
| JAVIER DIAZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION TO COMPROMISE CONTROVERSY**

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #27] (the "***Motion***"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the file, the Motion and record herein, good

cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*" or "*Settlement*").

2. The Debtor will pay the Trustee a total sum of $5,000.00 on or before November 30, 2023

3. The payment will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of the Settlement, the Debtor has agreed that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadlines expire.

5. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms

of the Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

7. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

8. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make the payment described in paragraph 2, then after ten (10) days written notice emailed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge.

12. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth in the Stipulation. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

13. As additional security to ensure the prompt payment of the Settlement Amount,

the Debtor has irrevocably: (a) granted the Estate a security interest in all currently owned or after-acquired personal property; (b) agreed that the Trustee shall have the right to file and/or record such instruments or documents as he deems reasonable, necessary and/or desirable to effectuate same, including, but not limited to, a UCC-1 Financing Statement; and (c) agreed to execute any and all documents that the Trustee deems reasonable, necessary and/or desirable to effectuate and perfect same.

14. The settlement proceeds of $5,000.00 are allocated to pre-petition transfers and dissipation of assets.

15. The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service)*